UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| reFX AUDIO SOFTWARE INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No: 1:13-cv-01795 |
| | ) | |
| v. | ) | |
| | ) | |
| DOES 1-180, | ) | JURY TRIAL DEMANDED |
| | ) | |
| *Defendants*. | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

Upon review of the Complaint with attached Exhibits, Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference and all papers filed in connection with the motion, and relevant case law, it is hereby:

ORDERED that Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference is GRANTED; it is further

ORDERED that Plaintiff may immediately serve Rule 45 subpoenas, which are limited to the following categories and information:

From Internet Service Providers (ISPs) identified in the Exhibit A attached to the Complaint and any other entity identified as a provider of Internet services to one of the Doe Defendants in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify each Defendant, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control number; it is further

ORDERED that the disclosure of this information is consistent the ISPs' obligations under the Cable Service Privacy Act, 47 U.S.C. § 551(c)(2)(B), which provides:

    (2)  A cable operator may disclose [personally identifiable] information if the disclosure is

      (B)  subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

  ORDERED any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

  ORDERED that Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers; it is further

  ORDERED that any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity; it is further

  ORDERED that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order; it is further

  ORDERED that if any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 30 days from the date of service; it is further;

  ORDERED that the subpoenas entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

2

Finally, it is ORDERED that Plaintiff may not file an amended complaint until further order of this Court.

DATED:_____                                    BY:_____